JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ENRIQUE QUILES,

Plaintiff,

v.

THE TERMINIX INTERNATIONAL COMPANY LIMITED PARTNERSHIP; SERVICEMASTER GLOBAL HOLDINGS, INC.; AETNA HEALTH AND LIFE INSURANCE COMPANY; TODD RUSHWORTH, an individual; SILVIA BARBOSA, an individual; and DOES 1-100, inclusive,

Defendants.

Case No. 2:19-cv-06825-AB-JPR

**ORDER GRANTING MOTION TO REMAND, DENYING REQUEST FOR ATTORNEY'S FEES, AND DENYING MOTION TO COMPEL ARBITRATION**

Before the Court is Plaintiff Enrique Quiles's ("Plaintiff") motion to remand this action to the Superior Court of California, County of Los Angeles and request for attorney's fees and sanctions in the amount of $15,400 plus costs, (Dkt. No. 10), and Defendants' motion to compel arbitration. (Dkt. No. 11). Defendants filed an

1.

opposition to Plaintiff's motion to remand, (Dkt. No. 13), and Plaintiff filed an opposition to Defendants' motion to compel arbitration. (Dkt. No. 12). The Court heard oral argument regarding these motions on September 27, 2019. For the reasons stated below, the Court **GRANTS** Plaintiff's motion to remand, **DENIES** Plaintiff's request for attorney's fees, and **DENIES** Defendant's motion to compel arbitration.

### 1. Complete diversity of citizenship among the parties is lacking

Plaintiff seeks to remand this action to California state court under 28 U.S.C. § 1447(c) on the ground that complete diversity of citizenship among the parties is lacking. Section 1447(c) states that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). For the purposes of determining jurisdiction on a motion to remand, "[d]iversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). Here, Plaintiff, a California resident bringing California state law claims, (Dkt. No. 1-1 at 3), states that Defendant Todd Rushworth is a California resident, thus eliminating complete diversity among the parties. (Dkt. No. 10 at 8–10). In opposition, Defendants do not contest that Defendant Todd Rushworth is a California resident.[1] (Dkt. No. 13). Because complete diversity

---

[1] Defendants assert that removal was proper because Defendant Todd Rushworth, although a California resident, had not yet been served at the time Defendants filed their notice of removal. (Dkt. No. 13 at 9–14). Under 28 U.S.C. § 1441(b)(2), "a civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b)(2). In interpreting this provision, the Ninth Circuit has stated that "[a] nonresident defendant cannot remove a 'nonseparable' action if the citizenship of any codefendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or nonservice upon the codefendant." *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969). The Ninth Circuit then clarified that this holding, derived from *Pullman Co. v. Jenkins*, 305 U.S. 534 (1939), was not overturned by the implementation of 28 U.S.C. § 1441(b), as Defendants now assert. *Vitek*, 412 F.2d at 1176 n.1. Because the service or non-service of Defendant Todd Rushworth is irrelevant in determining complete diversity among the parties, the Court finds

2.

among the parties is lacking, the Court **GRANTS** Plaintiff's motion to remand this action.

### 2. The Court declines to award attorney's fees to Plaintiff

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case [to state court] may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, Defendants sought to remove this action on the basis of complete diversity of citizenship among the parties. (Dkt. No. 1). In its notice of removal, Defendants indicated that it did not know the citizenship of Defendant Todd Rushworth. *Id.* ¶ 12. However, with respect to all remaining parties, Defendants correctly stated that citizenship is diverse. Because Defendants' removal was based on the diversity of all remaining parties, and they did not know the citizenship of Defendant Todd Rushworth at the time, the Court concludes that Defendants did not lack an objectively reasonable basis for removal. The Court accordingly **DENIES** Plaintiff's request for attorney's fees under 28 U.S.C. § 1447(c).

### 3. The Court lacks jurisdiction over Defendants' motion to compel arbitration

Because, as noted above, the Court lacks jurisdiction over this action, the Court lacks jurisdiction to consider Defendants' motion to compel arbitration. (Dkt. No. 11). The Court accordingly **DENIES** Defendants' motion to compel arbitration for lack of jurisdiction.

//

---

Defendants' argument unavailing.

### 4. Conclusion

For the reasons stated above, the Court **GRANTS** Plaintiff's motion to remand this action to the Superior Court of California, County of Los Angeles, **DENIES** Plaintiff's request for attorney's fees under 28 U.S.C. § 1447(c), and **DENIES** Defendants' motion to compel arbitration for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: October 16, 2019

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE